O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **NARCISCO PACO RIVERA-LAZARO,** § | |
| *Petitioner*, § | |
| § | **CIVIL ACTION NO. 5:05-cv-189** |
| v. § | **CRIMINAL NO. 5:03-cr-119** |
| § | |
| **UNITED STATES,** § | |
| *Respondent*. § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Narcisco Paco Rivera-Lazaro's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Civ. Doc. No. 1]. Upon due consideration of Petitioner's Motion, the record as it currently stands, and the governing law, the Court DISMISSES Petitioner's Motion.

**I.     PROCEDURAL HISTORY AND RELEVANT FACTS**

On August 14, 2003, Petitioner pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). [Cr. Doc. No. 18 at 1]. He was subsequently sentenced to 77 months imprisonment. [Cr. Doc. No. 18 at 2]. On August 24, 2005, Petitioner filed the § 2255 Motion now before the Court, claiming that he suffered ineffective assistance of counsel because: (1) trial counsel failed to file a notice of appeal upon request, [Doc. No. 2 at 3]; (3) trial counsel failed to adequately appraise him of the direct consequences of pleading guilty, [Doc. No. 2 at 7]; (3) trial counsel failed to challenge the constitutionality of Petitioner's sentence in light of the Supreme Court's recent decision in *United States v. Booker*, 543 U.S. 220 (2005), [Doc. No. 2 at 11]; and (4) trail counsel failed to object to an "error" made by the Court in sentencing him, [Doc. No. 2 at 14].

## II.  DISCUSSION

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Further, a § 2255 motion is generally the appropriate vehicle for an ineffective assistance claim. *See United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979) ("Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255.").

A party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. Thus, to the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

### A. Counsel's Failure to File an Appeal Upon Request

Petitioner first argues that his "right[s] under *Flores Ortega*" were violated. [Doc. No. 2 at 3]. Petitioner's claim refers to the Supreme Court's opinion in *Roe v. Flores-Ortega*, where the Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." 528 U.S. 470, 484 (2000). Thus, given

the forgiving pleading standard *pro se* claimants enjoy, the Court interprets Petitioner's claim as asserting that trial counsel failed to take an appeal upon request. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* pleadings are held to a "less stringent standard[] than formal pleadings drafted by lawyers.").

A notice of appeal was filed on Petitioner's behalf. [Cr. Doc. No. 17]. The U.S. Court of Appeals for the Fifth Circuit has already affirmed his conviction and sentence, concluding that his asserted claims on appeal were frivolous. [Cr. Doc. No. 33]. Therefore, Petitioner's invocation of *Flores-Ortega* is meritless.

In the same brief segment, Petitioner goes on to argue that his sentence violates the mandate established by the Supreme Court's opinion in *Booker*, apparently because his sentence was enhanced based on findings made by the sentencing judge. [Doc. No. 2 at 4-5]. Although this argument has nothing to do with the rule announced in *Flores-Ortega*, the Court will address it here.

In *Booker*, the Court held that "any fact *other than a prior conviction* that was necessary to support a sentence exceeding the maximum authorized by the facts, established by a plea of guilty, or a jury verdict, [must be either] admitted by a defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. (emphasis added). The enhancement of Petitioner's base level offense, and thus the corresponding sentencing range of 77 to 96 months, was based on Petitioner's criminal history. Obviously, an enhancement for prior convictions does not implicate *Booker*. Therefore, Petitioner's argument has no merit, and counsel at trial, and on appeal, certainly cannot be faulted for not raising it. It follows that Petitioner can satisfy neither *Strickland* prong as to this claim.

### B.  Counsel's Failure to Advise Petitioner Concerning the Plea Agreement

Petitioner next argues that counsel failed to discuss "the advantages and disadvantages of accepting the plea offer . . . ." [Doc. No. 2 at 7]. Counsel allegedly made "deliberate misrepresentations [in that he] stated to [Petitioner] and assured him that if he signed the plea agreement and waived his right to go to trial that the . . . court [would] impose no more than 24-months of imprisonment . . . ." [Doc. No. 2 at 7].

The record of the plea colloquy reveals that, when asked prior to pleading guilty whether he was aware of the maximum possible penalty of twenty years, Petitioner answered in the affirmative. This answer renders illegitimate any claim that Petitioner suffered prejudice as a result of the aforementioned assurance by trial counsel, as Petitioner was obviously aware that the twenty year maximum sentence could be imposed.

### C.  Counsel's Failure to Challenge Petitioner's Sentencing Enhancements

Petitioner next claims that he suffered ineffective assistance because he was "deprived of a fair sentencing as a result of an error made by Defendant's counsel, prosecutor, [and] probation officer . . . ." [Doc. No. 2 at 14]. Although the Court has difficulty deciphering the precise argument Petitioner attempts to advance, it appears that he believes that the sentencing court erred in enhancing his sentence based on his past conviction for cocaine possession, and that trial counsel erred in not objecting thereto.

Petitioner's sentence was enhanced based on his commission of "prior felonies," as defined by 18 U.S.C.S. Appx. § 2L1.2(b)(1)(A). In recommending a sentence of 77 months—incidentally, a sentence at the low end of the guideline range—the government relied on the fact that Petitioner had been convicted of two violent felonies, both of which are the type of offenses

which call for a 16 point enhancement under § 2L1.2. Therefore, the sentencing court properly calculated the applicable sentencing range.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Additionally, in the event that Petitioner may seek a certificate of appealability, such is prospectively **DENIED**.

IT IS SO ORDERED.

Done this 5th day of October, 2006, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**